## HOFFMAN *v.* GORMAN.

REPLEVIN—DISCONTINUANCE—JUDGMENT.

> Upon discontinuance of a suit in replevin, defendant, having waived a return of the property, is entitled to a judgment for its value.

Error to Wayne; Donovan, J. Submitted February 2, 1900. Decided March 27, 1900.

Replevin by Charles Hoffman and others against Frank J. Gorman. From a judgment for defendant, plaintiffs bring error. Affirmed.

This suit, an action of replevin, was commenced in justice's court. Plaintiffs obtained possession of the property under the writ. Defendant pleaded the general issue, and upon trial verdict was rendered for the defendant for $40; the return of the property being waived. Plaintiffs took an appeal to the circuit court. It appears that the circuit court, on motion of plaintiffs, quashed their own appeal, and set aside the judgment in the court below, and, defendant having waived the return of the property, ordered an assessment of the value. For what reason they moved to quash and set aside the judgment does not appear. The jury assessed the defendant's damages at $37.50.

*William B. Jackson*, for appellants.

*Lehman Bros. & F. J. Riggs*, for appellee.

PER CURIAM. It is evident from the briefs and unsatisfactory record in the case that plaintiffs replevied this property, which was sold on contract for $495, when only $20 remained unpaid. The only error alleged is that the court allowed defendant to take a verdict for the value of the property. In reply to a special question, the jury found that defendant suffered loss or damage, over and above the just amount left due on the contract, to the amount of $37.50. If this was the value less the amount unpaid, appellants are in no position to complain. Upon judgment of nonsuit or discontinuance, defendant was entitled either to a return of the property, or its value, less what was still due.

Judgment affirmed.